UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


FREDERICK J. SCHMIDT,

     Plaintiff,

v.                                                          Case No. 3:20cv5594-MCR-HTC

DIRECTOR/CHIEF ESMOND, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Frederick J. Schmidt, proceeding *pro se*, filed a complaint attempting to assert claims under 42 U.S.C. § 1983 (ECF Doc. 1) and a motion for leave to proceed *in forma pauperis* (ECF Doc. 4). The matter was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After reviewing Plaintiff's complaint and litigation history, the undersigned recommends that Plaintiff's motion for leave to proceed *in forma pauperis* be DENIED and that this case be DISMISSED WITHOUT PREJUDICE because Plaintiff (1) is a three-striker under 28 U.S.C. § 1915(g) and, thus, is barred from proceeding *in forma pauperis*; (2) failed to pay the requisite filing fee upon initiating this suit; and (3) failed to disclose his complete prior litigation history.

## I.    PLAINTIFF IS A 3-STRIKER

Under the Prison Litigation Reform Act ("PLRA"), a prisoner seeking to proceed *in forma pauperis* cannot do so if he has filed at least three (3) cases which have been dismissed for failure to state a claim, or as frivolous or malicious. Specifically, 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner [proceed *in forma pauperis* in a civil action] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that, after three (3) meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

This Court takes judicial notice that Plaintiff has filed at least four (4) cases, which have been dismissed based on a ground set forth in 28 U.S.C. § 1915(g). Those cases are: *Schmidt v. Blackenall, et al.*, 3:07cv139, *Schmidt v. Okaloosa Co.*

*Bd. of Comm'rs, et al.*, 3:14cv253, *Schmidt v. OCDOC Dir., et al.*, 3:19cv551; and *Schmidt v. Esmond, et al.*, 3:20cv4508, which were all dismissed for failure to comply with an order of the Court. *See Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1544 (11th Cir. 1993), *cert. denied*, 510 U.S. 863 (1993) (holding that failure to comply with court orders is an "abuse of the judicial process"); *Huffine v. United States*, 25 Cl. Ct. 462, 464 (Cl. Ct. 1992) (*pro se* litigant's refusal to comply with Court orders was an "abuse of the judicial process"); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *rev'd on other grounds* (a case dismissed for "abuse of the judicial process" counts as a strike under 28 U.S.C. § 1915(g)).

As stated above, a plaintiff who has accrued three (3) strikes under 28 U.S.C. § 1915(g) cannot proceed *in forma pauperis,* unless he shows that he is in imminent danger. Plaintiff, however, has not made such a showing. Instead, Plaintiff's complaint relates to past wrongdoing. The crux of Plaintiff's complaint is that in May of 2019, Defendant Officer Roller used excessive force against him for not closing a door, and that Plaintiff was subsequently denied medical treatment for several months for injuries he received from the alleged use of force incident. ECF Doc. 1. A single past event is insufficient to demonstrate imminent danger of serious physical injury. *See Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) ("a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the

imminent danger exception to the statute"); *see also Brown*, 387 F.3d at 1349 (finding that the imminent danger exception to § 1915(g) requires "a present imminent danger, as opposed to a past danger").

Plaintiff is thus a three-striker who is not entitled to proceed *in forma pauperis* under the imminent danger exception to § 1915(g).  Therefore, his case is subject to dismissal on this ground alone.  *See Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002)  (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit").

## II.    FAILURE TO DISCLOSE

This case is also subject to dismissal on an additional ground, Plaintiff's failure to disclose his prior litigation history as required by this Court's § 1983 complaint form for prisoner litigants.  Section IV of the complaint form, titled "**PREVIOUS LAWSUITS**," asks, in part B: "Have you initiated other actions **in federal court** dealing with the same or similar facts/issues involved in this action?" ECF Doc. 1 at 6.  Plaintiff checked "Yes" in response to question B, but he did not identify or describe any prior cases.  *Id.*  Instead, he wrote "Note: I filed, dropped without prejudice for not filing fees, forma pauperis."  *Id.*  He did not disclose the

parties, courts, case numbers, or give any other identifying information related to any of his previous actions, as required by the form.

Section IV continues with part C, which asks, "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" ECF Doc. 1 at 7 (bolding and italics in original). Petitioner checked "No" in response to question C and provided no further information about prior cases.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete their complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable. As referenced above, upon such an investigation in this case, the undersigned discovered that, at the time Plaintiff signed his complaint, he had filed, under his name, at least the following cases, which he failed to disclose to the Court:

> *Schmidt v. Blackenall, et al.*, 3:07cv139 (N.D. Fla.) (§ 1983 action dismissed for failure to comply with court orders).

*Schmidt v. Glidwell, et al.*, 3:07cv169 (N.D. Fla.) (§ 1983 action dismissed for failure to prosecute).

*Schmidt v. Okaloosa Co. Bd. of Comm'rs, et al.*, 3:14cv253 (N.D. Fla.) (§ 1983 action dismissed for failure to comply with court orders).

*Schmidt v. OCDOC Dir., et al.*, 3:19cv551 (N.D. Fla.) (§ 1983 action dismissed prior to service for failure to comply with court orders).

*Schmidt v. Esmond, et al.*, 3:20cv4508 (N.D. Fla.) (§ 1983 action dismissed for failure to comply with court orders).

Plaintiff did not disclose these federal actions despite the complaint form's clear instructions.

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. One such standard is full candor in disclosing one's litigation history in response to questions about it on the Court's official form for filing a civil complaint.

If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false or incomplete responses or statements in any pleading or motion filed before it. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with complete factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. Jul. 16,

2012) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)).

Plaintiff knew from reading the complaint form that disclosure of *all* prior civil cases was required.  Indeed, the complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE."  ECF Doc 1 at 6 (emphasis in original).  If Plaintiff suffered no penalty for his incomplete responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  The Court, therefore, should not allow Plaintiff's false responses to go unpunished.  Dismissal of his case without prejudice is an appropriate sanction for his lack of candor.  *See Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case).

## III.    CONCLUSION

Because Plaintiff (1) is a three-striker, (2) failed to pay the requisite filing fee at the time he filed this § 1983 action, and (3) failed to disclose his prior litigation history, this case should be dismissed.

Accordingly, it is respectfully RECOMMENDED that:

1.    Plaintiff's motion for leave to proceed *in forma pauperis* (ECF Doc. 4) be DENIED.

2.      This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's abuse of the judicial process and because he is a three-striker under 28 U.S.C. § 1915(g).

3.      The clerk be directed to close this file.

At Pensacola, Florida, this 3rd day of August, 2020.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.